**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

DELLWAYNE PRICE,

      Plaintiff,

      v.

DEPUTY WARDEN FOULKS, et al.,

      Defendants.

CIVIL ACTION NO.: 6:24-cv-64

## REPORT AND RECOMMENDATION

Plaintiff filed an "Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order," which I construe as a Motion for Temporary Restraining Order and Preliminary Injunction.[1]  Doc. 49.  For the following reasons, I **RECOMMEND** the Court **DENY** Plaintiff's Motion.[2]

---

[1]     "Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."  Retic v. United States, 215 Fed. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)).  Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis."  Id. (quoting Castro, 540 U.S. at 381–82).  Thus, I construe Plaintiff's filing as a request for temporary restraining order and preliminary injunction.

[2]     Plaintiff's filing contains several questions or commands to Defendants to provide information.  Doc. 49 at 9–21.  These questions and commands appear to be discovery requests.  As the Court previously informed Plaintiff, "[d]iscovery materials should **not** be filed routinely with the Clerk of Court[.]"  Doc. 29 at 3 (emphasis in original) (citing Local R. 26.4).  Plaintiff labels one portion of the filing as a "Freedom of Information Request," which should not be directed to the Court.  To the extent Plaintiff is asking the Court to order Defendants to provide the requested information, Plaintiff has not shown that he served any discovery requests on Defendants or conferred with Defendants about the requested information, as he is required to do.

Plaintiff asks the Court to enjoin Defendants—along with their successors in office, agents, and employees—from violating his "federal rights," his rights under the Fourteenth Amendment, and the Georgia Department of Corrections' Standard Operating Procedures ("SOP"). Id. at 1–8. A movant bears the burden of proving four necessary elements for temporary restraining or preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) the relief is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the relief would cause the other litigant; and (4) the relief would not be averse to the public interest. Chavez v. Fla. SP Warden, 742 F.3d 1267, 1271 (11th Cir. 2014); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001); McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quotation omitted).

Plaintiff does not address any of these requirements in his Motion. Instead, Plaintiff only describes his requested relief. See Doc. 49. Thus, Plaintiff has not satisfied his burden of showing he is entitled to temporary restraining or preliminary injunctive relief at this time. Therefore, I **RECOMMEND** the Court **DENY** Plaintiff's Motion.

## CONCLUSION

For the reasons stated above, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. Doc. 49.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file

timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 21st day of January, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3